**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2020[*]
Decided December 8, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3395

| | |
|---|---|
| JEANETTE S.R. LIPINSKI, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | No. 16 C 7153 |
| YOLANDA CASTANEDA, et al., | Jorge L. Alonso, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

In this suit alleging an unreasonable arrest, Jeanette Lipinski lost at summary judgment because she failed to comply with a local rule, of which she had notice, requiring her to cite evidence supporting her claim. After the defendants moved for summary judgment, the district court applied that rule to deem their facts admitted, and based on those admissions it entered summary judgment. Because district courts

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

may reasonably require that even pro se litigants strictly comply with local rules, the district court did not abuse its discretion, and therefore we affirm.

Lipinski was charged in 2014 with poisoning her neighbors' dog. According to the defendants, the neighbors called the police when they smelled bleach and saw dead grass in their yard after their dog had become sick. The two police officers who responded observed the dead grass and an "overwhelming" bleach smell. The neighbors told the officers that they suspected that Lipinski had poured bleach in their yard and that it had sickened their dog, who now had whitened paws. Lipinski admitted to an officer that she had poured bleach along the fence between her yard and the neighbors'. The officer then arrested her. She was later charged with knowingly poisoning a domestic animal, *see* 510 ILCS 70/6 (2002), but acquitted after a trial.

After her acquittal, Lipinski brought this suit alleging two claims that she lost at summary judgment for lack of proof. The first count, under 42 U.S.C. § 1983 against the officers, alleges that they arrested her in violation of the Fourth Amendment; the second count is a state-law claim for malicious prosecution against the officers and the neighbors. (The district court dismissed Lipinski's other claims, and she does not contest those dismissals.) The defendants moved for summary judgment and filed a joint statement of material facts. Lipinski's response to that statement disputed several facts, but she cited no supporting evidence and did not offer facts of her own to show a genuine dispute. Because the defendants had supported their facts, which refuted liability, with admissible evidence and Lipinski offered no evidence to contest those facts, the court deemed each of the defendants' facts admitted under Local Rule 56.1. *See* N.D. ILL. L.R. 56.1(b)(3)(B) (non-movant's response "shall contain … specific references" to the record). The court also noted that, by not filing a memorandum of law opposing summary judgment, Lipinski had waived opposition. Based on the admitted facts, the court granted summary judgment for the defendants.

Within the time to do so, Lipinski moved for reconsideration, advancing two arguments. First, she contended that she had tried to file a brief opposing summary judgment, but the clerk's office never docketed it. Second, she continued to dispute several of the defendants' stated facts. The court denied the motion because Lipinski had not shown "excusable neglect" under Rule 60(b) for failing to file a memorandum. In the court's view, because she electronically filed her documents, she needed to check that her filings were properly docketed, and neglecting to do so was not "excusable." In any event, the court continued, it rejected Lipinski's purported factual disputes for the

same reason—her noncompliance with the local rule requiring her to cite evidence—that it gave in its summary-judgment ruling.

Lipinski raises only one argument on appeal: the district court abused its discretion when it applied Local Rule 56.1 to deem admitted the defendants' version of the facts. She points to her pro se status, asserts that by disputing the defendants' statement of facts under penalty of perjury she acted in good faith, and concludes that the court should have given her a chance to cure her defective response. Essentially, she argues that the district court erred by applying its local rule strictly. But "we have repeatedly held that district judges may strictly enforce local summary-judgment rules." *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019). And "pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). In light of the "substantial deference" we give to a judge's enforcement of local summary-judgment rules, *McCurry*, 942 F.3d at 787 n.2, Lipinski has given us no adequate reason to conclude that the district court abused its broad discretion.

Furthermore, even if ignorance of the local rule might lead a district court in its discretion to excuse noncompliance, Lipinski was not ignorant. She does not dispute that she had twice received instructions of her obligations under the local rule and the consequences for failing to meet them. Both the neighbors and the officers served her the required notices explaining that when a pro se litigant opposes a motion for summary judgment, the party must cite evidence disputing the defendants' facts, and that failure to do so could lead the court to deem those facts admitted. *See* N.D. ILL. L.R. 56.2 (providing text for notice that must be served on pro se litigants opposing summary judgment motion); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992) (requiring that pro se litigants opposing summary-judgment motion receive notice with consequences of inadequate response). Thus for this reason as well, the district court permissibly enforced Local Rule 56.1 after Lipinski had received notice of its requirements. *See Outlaw v. Newkirk*, 259 F.3d 833, 841–42 (7th Cir. 2001).

AFFIRMED